UNITED SETATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. BRADFORD, on behalf of himself and all others similarly situated,<br>Plaintiff<br><br>v.<br><br>GLENN ASSOCIATES, INC.,<br>Defendant | )<br>)<br>)<br>)<br>)    Civil No.<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In addition, the Massachusetts Attorney General has promulgated regulations designed to "establish standards, by defining unfair or deceptive acts or practices [prohibited under G.L. c. 93A], for the collection of debts from persons within the Commonwealth of Massachusetts." 209 CMR 18.01.

In this action, plaintiff seeks damages and injunctive relief on behalf of himself and other Massachusetts consumers similarly situated with respect to certain of defendant's business practices in charging and attempting to collect collection fees.

**Parties**

1. Plaintiff Willliam P. Bradford is an individual who at relevant times resided in Holliston, Middlesex County, Massachusetts, currently residing in Whitinsville, Worcester County, Massachusetts.

2. Defendant Glenn Associates, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, having a principal place of business in Wilmington, Massachusetts.

3. At all relevant times defendant has been a "debt collector" within the meaning of 15 U.S.C. §1692a(6) and 209 CMR 18.01.

4. At all relevant times defendant has been engaged in trade or commerce in the Commonwealth of Massachusetts as defined by G.L. c. 93A, section 1.

**Jurisdiction and Venue**

5. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**COUNT I**

7. The allegations of paragraphs 1 – 6 are incorporated herein as if fully set forth.

8. Defendant sent plaintiff a letter dated March 30, 2009, in connection with the attempted collection of a consumer debt allegedly owed to the Massachusetts Board of Higher Education.  The letter stated that plaintiff owed the Massachusetts Board of Higher Education $137.50 in unspecified "fees."

9. By failing to indicate the nature of the alleged "fees," defendant misrepresented the character of the alleged debt in violation of section 1692e(2)(A) of the FDCPA.

## COUNT II

10. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

11. By failing to indicate the nature of the alleged "fees," defendant used deceptive means to attempt to collect the alleged debt in violation of section 1692e(10) of the FDCPA.

## COUNT III

12. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

13. By failing to indicate the nature of the alleged "fees," defendant used a deceptive or misleading representation or means to attempt to collect the alleged debt in violation of section 1692e of the FDCPA.

## COUNT IV

14. The allegations of paragraphs 1 – 13 are incorporated herein as if fully set forth.

15. Defendant's misconduct as set forth above was unfair and deceptive in violation of G.L. c. 93A, as a result of which plaintiff was injured within the meaning of G.L. c. 93A, section 9.

16. On April 7, 2009, plaintiff sent defendant via certified mail, return receipt requested, a demand for relief pursuant to section 9 of G.L. c. 93A, which demand reasonably described the acts and practices complained of and injuries suffered.

17. Defendant received plaintiff's demand letter, but did not make a reasonable written tender of settlement within 30 days of receipt, and in fact did not respond at all to the letter.

**Class Action Allegations**

18. Plaintiff brings counts I – IV of this complaint on behalf of himself and all other persons similarly situated. Class members in count IV (Class "A") are all persons who: (i) were sent by defendant, within 4 years of the filing of this action, one or more letters concerning an alleged consumer debt which alleged that "fees" were owed but did not disclose or otherwise indicate the nature of the "fees" and was not returned to sender as undeliverable; and (ii) resided in Massachusetts as of the date of the letter(s), as shown by defendant's records. Class members in counts I – III (Class "A-1") are those members of Class A whose letters were sent by defendant within 1 year of the filing of this action. On information and belief, the classes are sufficiently numerous such that joinder is impracticable.

19. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendant is a debt collector under the FDCPA and G.L. c. 93A, whether defendant is engaged in trade or commerce, and whether defendant's conduct violates said statutes as alleged.

20. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

21. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff

nor counsel have any conflicts which would interfere with the successful prosecution of this case.

22. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

    WHEREFORE, plaintiff prays that this Honorable Court:

(i)    certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii)    appoint plaintiff as class representative and the undersigned as class counsel;

(iii)    enjoin defendant from continuing to engage in the unlawful practice complained of;

(iv)    award plaintiff and class members statutory damages against defendant;

(v)    award plaintiff and class members costs and attorney's fees against defendant;

(v)    award such further relief as shall be just and proper.

## COUNT V

23. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

24. The "fees" which defendant alleged to be due in its March 30, 2009 letter were, on information and belief, collection fees which as of said date were not owed by plaintiff.

25. Defendant's letter misrepresented the amount of the alleged debt in violation of section 1692e(2)(A) of the FDCPA.

## COUNT VI

26. The allegations of paragraphs 1 – 8 and 24 are incorporated herein as if fully set forth.

27. Defendant attempted to collect from plaintiff an amount which was not expressly authorized by the agreement creating the alleged debt or permitted by state law, in violation of section 1692f(1) of the FDCPA.

## COUNT VII

28. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

29. Defendant's March 30, 2009 letter contained language purporting to constitute the validation notice required by 15 U.S.C. §1692g(a). The validation notice failed to state the correct amount of the debt in violation of section 1692g(a) of the FDCPA.

## COUNT VIII

30. The allegations of paragraphs 1 – 29 are incorporated herein as if fully set forth.

31. Defendant's misconduct as set forth above was unfair and deceptive in violation of G.L. c. 93A, and plaintiff was injured as a result within the meaning of G.L. c. 93A, section 9.

32. On April 7, 2009, plaintiff sent defendant via certified mail, return receipt requested, a demand for relief pursuant to section 9 of G.L. c. 93A, which demand reasonably described the acts and practices complained of and injuries suffered.

33. Defendant received plaintiff's demand letter, but did not make a reasonable written tender of settlement within 30 days of receipt, and in fact did not respond at all to the letter.

**Class Action Allegations**

34. Plaintiff brings counts V – VIII of this complaint on behalf of himself and all other persons similarly situated.  Class members in count VIII (Class "B") are all persons who: (i) were sent by defendant, within 4 years of the filing of this action, an initial letter concerning a debt allegedly owed to the Massachusetts Board of Higher Education which stated that "fees" were owed and was not returned to sender as undeliverable; and (ii) resided in Massachusetts as of the date of the letter, as shown by defendant's records.  Class members in counts V- VII (Class "B-1") are those members of Class B whose letters were sent by defendant within 1 year of the filing of this action.  On information and belief, the classes are sufficiently numerous such that joinder is impracticable.

35. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendant is a debt collector under the FDCPA and G.L. c. 93A, whether defendant was engaged in trade or commerce, and whether defendant's conduct violates said statutes as alleged.

36. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

37. Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

38. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) enjoin defendant from continuing to engage in the unlawful practice complained of;

(iv) order defendant to rescind all "fees" not yet owing from the accounts of class members;

(v) award plaintiff and class members statutory damages against defendant under the FDCPA and G.L. c. 93A;

(vi) award plaintiff and class members costs and attorney's fees against defendant;

(v) award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

        WILLIAM P. BRADFORD
        By his attorney:

        */s/Kenneth D. Quat*
        BBO #408640
        QUAT LAW OFFICES
        678 Massachusetts Avenue, Suite 702
        Cambridge MA 02139
        617-492-0522
        kquat@quatlaw.com